IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KRISTEN A. HODGE,,<br><br>    Defendant. | Case No. 20-cr-40052-JPG-3 |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of AFPD Judith A. Kuenneke to withdraw from representation of defendant Kristen A. Hodge for the purpose of evaluating her eligibility for a reduction of her criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 231).   Counsel explains that Hodge would be eligible for a reduction under Part B of Amendment 821, which added U.S.S.G. § 4C1.1 (2023). which reduced the offense level of offenders with no criminal history points.   However, at the time of counsel's motion, Hodge was due to complete her sentence of imprisonment and to be released to supervision before Amendment 821 was to become effective on February 1, 2024.   *See* U.S.S.G § 1B1.10(e)(2).   The BOP website confirms that Hodge was released on December 22, 2023. *See* BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (visited Jan. 16, 2024).   The Government does not object to counsel's withdrawal   (Doc. 233).   The defendant was given an opportunity to respond but has not done so.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C.

994(o) . . . ."  In doing so, the Court must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

Reducing Hodge's sentence is inconsistent with the applicable policy statement—U.S.S.G. § 1B1.10.  Under that statement, the Court cannot reduce Hodge's sentence to less than she has already served.  *See* U.S.S.G. § 1B1.10(b)(2)(C).  And since she has already completed her sentence, it can be lowered no further.  It follows that she has no need for counsel to investigate her eligibility for a reduction under Amendment 821, and the Court will allow counsel to withdraw.  Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 231) and **TERMINATES** AFPD Judith A. Kuenneke as counsel in this case.

**IT IS SO ORDERED.**
**DATED:   January 17, 2024**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **U.S. DISTRICT JUDGE**